956 F.2d 1166
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff-Appellant,
v.
Barry H. MARGOLIS; Donald D. Kingsborough; Angelo M.
Pezzani; John B. Howenstine; Richard B. Stein;
Worlds of Wonder; Inc.; RLI Insurance
Co.; Home Insurance Co.,
Defendants-Appellees.
 No. 90-16626.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided March 5, 1992.
 
 1
 Before SCHROEDER and T.G. NELSON, Circuit Judges, and CALLISTER, District Judge*
 
 
 2
 Memorandum**
 
 
 3
 Hartford's suggestion that the "first to file" rule should not be applied to the time of filing of the state court action later removed to federal court is not compelling. When an action is commenced in state court and removed to federal court, the action remains the same. It is simply pending in a different court after removal than before. The district court's discretion was invoked when the motion to dismiss was filed under the first to file rule, and it did not abuse its discretion in refusing to fashion a separate rule for a case removed to a federal court.
 
 
 4
 Absolute identity of parties in the two cases is not required. Landis v. North American Co., 299 U.S. 248, 254 (1936). However, the absence of the named insured from the Texas litigation is troubling. Counsel for the officers and directors acknowledged at oral argument that the named insured could make a claim for coverage and a defense at a later time, although counsel characterized the possibility as "remote." A remote possibility is not the functional equivalent of no possibility, and Hartford should not be left to try to recreate its present favorable position, vis-a-vis the insured, if what is not "remote" becomes "actual." It is appropriate to stay this case rather than dismiss it until the situation with the named insured is clarified, or the other parties to this action demonstrate Hartford no longer has a "pressing need" for continuation of the stay. Id. at 255.
 
 
 5
 The decision of the district is in all respects AFFIRMED, except that the judgment of dismissal is VACATED, and the case REMANDED, with directions to enter a stay on such conditions as the district court deems to be appropriate.
 
 
 
 *
 Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3